UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DAVY RAY MYATT<br>DEBTOR | ) | Chapter 7 Bankruptcy<br>Case No. 25-10552-jal |
| | ) | |
| TERESA BILLINGSLEY-HOGUE<br>Plaintiff | ) | |
| v. | ) | ADVERSARY PROCEEDING NO.: |
| DAVY RAY MYATT<br>Defendant | ) | 25-01012-jal |

**MEMORANDUM AND OPINION**
*(Electronically filed)*

This matter came before the Court on motion of Creditor, Teresa Billingsley-Hogue ("Teresa"), for the entry of a Summary Judgment determining the debt owed her by Debtor, Davy Ray Myatt ("Davy") is non-dischargeable and granting a Monetary Judgment for the amount due. Davy concedes that Teresa is entitled to a Summary Judgment solely based upon the fact that the subject debt arises out of divorce proceedings, and Teresa cites additional authority she contends supports the entry of the requested Judgment. The Court having reviewed the pleadings, having heard argument of counsel, and being otherwise sufficiently advised, finds that Teresa is entitled to the relief sought.

**FACTS**

The Court finds relevant facts are as follows:

1. The parties hereto were married on January 8, 1976, and a Final Divorce Decree was entered in Warren Circuit Court, Action No. 12-CI-00510, on May 16, 2012.

2. On April 4, 2012, the parties entered into a Separation Agreement which was adopted and incorporated into the Final Decree.

3. After hearing approximately two (2) days of evidence in 2025, the Warren Circuit Court found the following undisputed facts:

A. With respect to the parties' Separation Agreement:

1) The Agreement was prepared by Davy's attorney;

2) Teresa was unrepresented by counsel;

3) Davy drove Teresa to the office of his attorney in Scottsville, Kentucky, to sign the Separation Agreement;

4) Teresa obtained no legal advice before signing the Separation Agreement, and she signed it without any extended review or opportunity to seek counsel;

5) There was no negotiation or modification of the Separation Agreement prepared by Davy's attorney and presented to Teresa for her signature;

6) Before, and at the time, Teresa signed the Separation Agreement, there was no disclosure of the following, nor were the following included in the Agreement itself:

a) Valuations of the parties' real estate;

b) Itemization of the parties' personal property assets and their values;

c) Itemization of creditors owed by either party and the amounts due on any loans or lines of credit;

d) Existence of other corporate entities, including American Health Alliance, LLC, owned by Davy and which held insurance accounts;

e) Davy's ownership of insurance accounts in his individual name;

f) The fact that Davy had only a few weeks earlier organized American Seniors Financial Group, LLC, shortly before he told Teresa he wanted a divorce;

g) Valuation of Davy's business interests; and

h) The amount owed by the parties, or Davy's business, in past due taxes.

B. Davy organized National Brokerage Alliance, LLC, on April 12, 2013, in anticipation of selling all assets of American Seniors Financial Group, Inc.;

C. In the latter part of 2013, Davy sold all assets of American Seniors Financial Group, Inc., and American Health Alliance, LLC, along with insurance policy accounts in his individual name for the gross sum of $1,000,000.00, receiving net proceeds of $730,337.54;

D. After Davy sold all assets of American Seniors Financial Group, Inc., American Health Alliance, LLC, and certain insurance policy accounts in his individual name, he operated under National Brokerage Alliance, LLC, which had been organized in anticipation of selling the assets of American Seniors Financial Group, Inc.;

E. In 2020, Davy sold insurance policy accounts owned by National Brokerage Alliance, LLC, a successor corporation to American Seniors Financial Group, Inc., and received net proceeds in the amount of $431,895.00;

F. Davy filed joint tax returns, as married, for him and Teresa for 2015, although Teresa's sole income at the time was comprised of disability benefits and the parties had been divorced for three (3) years. Davy testified that filing jointly reduced his tax obligation;

G. Davy filed joint tax returns, as married, for him and Teresa for 2016, although Teresa's sole income at the time was comprised of disability benefits and the parties had been divorced for four (4) years. Davy testified that filing jointly reduced his tax obligation; and

H. Teresa received notices for years thereafter that she owed approximately $26,000.00 in past due taxes as a result of Davy's joint tax return filed for 2016. Davy did not pay this tax obligation until the issue was raised at his deposition on April 21, 2022.

4. Warren Circuit Court entered a Judgment against Davy on January 29, 2025, in the amount of $581,116.27, plus interest and attorney fees.

5. On March 11, 2025, the Judgment was amended, *nunc pro tunc*, to include an award of attorney fees in the amount of $145,250.00.

6. Warren Circuit Court found that Davy committed fraud, constituting "fraud affecting the proceedings," and justifying the division of the parties' marital assets in equal shares (see Exhibit P1 to Teresa's Complaint, p.11-12).

7. The Judgment amount constitutes Teresa's share of the parties' marital assets Davy wrongfully converted during the years between the parties' divorce and the subject Judgment.

8. Warren Circuit Court found that Davy improperly disposed of assets to which Teresa was entitled upon Davy's death, amounting to a breach of the parties' contract. (See Exhibit P1 to Teresa's Complaint, p.12)

9. Warren Circuit Court found that Davy willfully violated the Court's Orders by transferring company assets in violation of the Final Divorce Decree. (see Exhibit P1 to Teresa's Complaint, p.15).

10. As a part of its Judgment in favor of Teresa and against Davy, Warren Circuit Court granted Teresa a Lien and Constructive Trust on all assets in which Davy owned an interest, and this Lien and Constructive Trust was perfected by timely recording Notice of same with the Warren County Clerk and the Allen County Clerk. (See Exhibit P1 to Teresa's Complaint, p. 15; see also copies of recorded Notices of Judgment Lien attached to Teresa's Proof of Claim)

11. Davy filed a Petition for Relief under the provisions of Chapter 13 of the U.S. Bankruptcy Code on June 27, 2025. Thereafter, Davy's Bankruptcy case was voluntarily converted to a Chapter 7 Proceeding.

## LEGAL ANALYSIS

Bankruptcy Rule 7056(a), which incorporates Federal Rule of Civil Procedure 56, authorizes the Court to "grant Summary Judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to Judgment as a matter of law." When considering a motion for Summary Judgment, the court is not to weigh the evidence for purposes of determining the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986) All facts and related inferences are to be viewed in the

light most favorable to the non-moving party. *Id.* Teresa respectfully submits that there are no genuine issues of material fact, and she is entitled to a Judgment as a matter of law.

This matter was tried before the Warren Circuit Court in what amounted to a 2-day trial over a number of months, at which Davy was given the opportunity to cross-examine Teresa's witnesses and to present his own evidence. All issues presented in this Adversary Proceeding were thoroughly and exhaustively litigated in the prior state court Action and were determined in the subject state court Judgment. After the entry of the Judgment, and a subsequent Order awarding attorney fees which amended the prior Judgment (see Exhibit P2 to Teresa's Complaint), *nunc pro tunc*, Davy filed a Motion to Alter, Amend, or Vacate the Judgment, and this motion was denied. Teresa asserts that the Warren Circuit Court Judgment is entitled to preclusive effect in this proceeding under the doctrines of collateral estoppel or *res judicata*. See, *e.g., New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)

When determining the preclusive effect of a prior Judgment in a subsequent Dischargeability proceeding, the court may consider the Dischargeability Action as being comprised of two (2) separate but related determinations. The first question addresses the existence, validity, and amount of the debt, and the second question is whether the debt is dischargeable. *Sill v. Sweeney (In Re: Sweeney)*, 276 B.R. 186 (6th Cir. BAP 2002) When the prior Judgment has already established the amount of the debt, the Bankruptcy Court may not be required to make the first determination as to the existence, validity, and amount of the debt, as this determination has already been made. *In Re: Wigger*, 595 B.R. 236 (W.D. Michigan 2018) (internal citations omitted) As a result, the determination as to the existence,

validity, and amount of the debt owed Teresa is entitled to preclusive effect in this proceeding. *Id*. (internal citations omitted)

The second determination as to whether a particular debt should be excepted from discharge is a legal conclusion within the jurisdiction of the Bankruptcy Courts. *Id*. (internal citations omitted) The Bankruptcy Court's Dischargeability determination will be governed by any factual issues that were actually and necessarily decided by the state court in rendering its Judgment. *Id*. (internal citations omitted)

In this case, Warren Circuit Court determined Davy acquired money and/or property through false pretenses, false representation, or actual fraud, and as a result, it is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). *In Re: Morris*, 579 B.R. 422 (W.D. Ky. 2017)

Similarly, the Court found the amount owed Teresa arose out of Davy's use of a statement in writing (the parties' Settlement Agreement prepared by his attorney) that was materially false, involved his financial condition, upon which Teresa relied, and which was used with the intention of deceiving Teresa. Accordingly, the subject debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

In addition, the Court found that Davy defrauded Teresa out of funds to which she was entitled, and exercised dominion and control over these assets. This constitutes conversion as recognized in *In Re: Morris*, *supra*, and these actions represent a willful and malicious injury, and the subject debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Finally, it is unquestionable that the subject debt arises out of a divorce or in connection with a Separation Agreement, Divorce Decree, or other Order of a court of record, and as a result, it is non-dischargeable pursuant to 11 U.S.C. § 523(a)(15).

**MONEY JUDGMENT**

This Court has the authority not only to determine the Dischargeability of the debt owed Teresa, but also to enter a Final Monetary Judgment establishing the amount due. *In Re: Hart*, 564 Fed. Appx. 773 (6th Cir. 2014), citing *Waldman v. Stone*, 698 F3d 910 (6th Cir. 2010)

This case involves not only the marital debt owed Teresa, but also a Constructive Trust upon all of Davy's assets, including his interest in any accounts he has, or has had, through his insurance business. As a result, Teresa requests not only a determination of non-Dischargeability, but also a Judgment establishing the amount due, and the Court finds that Teresa is entitled to the relief sought.

**CONCLUSION**

The Court finds that the debt owed Teresa Billingsley-Hogue by the Debtor, Davy Ray Myatt, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), (a)(6), and (a)(15). The Court, further, finds that Teresa is entitled to the entry of a monetary Judgment establishing the amount due. For all reasons set forth herein, the Court will grant Teresa's request for entry of a Judgment, and a Judgment incorporating the findings herein accompanies this Memorandum and Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 8, 2026

TENDERED BY:

/s/ *James R. Laramore*

Hon. James R. Laramore
400 E. Main Avenue, Suite 304
P.O. Box 1926
Bowling Green, KY 42102
jrlaramore@jameslaramorelaw.com
*Counsel for Teresa Billingsley-Hogue*